# Smith *v.* Chester Traction Company, Appellant.

*Negligence—Street railways—Master and servant—Defective con-troller—Duty to inspect.*

In an action for damages for personal injuries the case is for the jury where the evidence showed or tended to show that the plaintiff, a motor-man on the defendant's road, was directed by the dispatcher to take out a car, that one controller of the car was found defective when first used on the trip, but that the motorman continued to run the car on

this controller at the direction of the conductor, to a place where he would telephone for another car; that as he went on, the condition of the controller became worse and he received more severe shocks, but was able to manage the car without injury until he attempted to stop to avoid collision with another car, when in reversing the controller his arm was burned, he was made unconscious by the electric shock, and in the collision which resulted he was otherwise injured; and that the company's cars were sent out without inspection and that the defect on the controller would have been disclosed by inspection.

Argued Feb. 7, 1911.   Appeal, No. 308, Jan. T., 1910, by defendant, from judgment of C. P. Delaware Co., June T., 1909, No. 185, on verdict for plaintiff in case of Edwin F. Smith v. Chester Traction Company.   Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before BROOMALL, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for $5,155.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. B. Hannum,* for appellant, cited: Mixter v. Coal Co., 152 Pa. 395; Clark v. Foundry Co., 219 Pa. 426; Vaughn v. Longmead Iron Works, 220 Pa. 347; Dickerson v. Central R. R. Co. of N. J., 189 Pa. 567; Price v. R. R. Co., 202 Pa. 176; Schneider v. Quartz Co., 220 Pa. 548; Jones v. Burnham, 217 Pa. 286; Talbot v. Sims, 213 Pa. 1; Simmons v. Traction Co., 207 Pa. 589.

*J. DeHaven Ledward* and *Joseph H. Hinkson,* for appellee, cited: Fitzgerald v. Illuminating Co., 200 Pa. 540; Phila. & Reading R. R. Co. v. Huber, 128 Pa. 63; Lininger v. Air Brake Co., 210 Pa. 62; Gilbert v. Tanning Co., 221 Pa. 176; New v. Milligan, 27 Pa. Superior Ct. 516; Marsh v. R. R. Co., 206 Pa. 558; McConnell v. Penna. R. R. Co., 223 Pa. 442; Carr v. Fire Extinguisher Co.,

224 Pa. 346; Brommer v. Railway Co., 205 Pa. 432; Lewis v. Seifert, 116 Pa. 628.

PER CURIAM, April 10, 1911:

The plaintiff was a motorman on the defendant's road, and was injured under the following circumstances. Early in the morning he was directed by the dispatcher to take a car, that had a controller on either end, from the barn over a route some seven miles in length. He ran the car several squares to a point where the track connected with another track which he was to take. He then went to the other end of the car, and when he took hold of the controller, he received a slight electric shock. He informed the conductor of this, and was told by him to go on to a place where he could telephone for another car. As he went on, the condition of the controller became worse, and the shocks more severe. He was, however, able to manage the car without injury until he attempted to stop it to avoid colliding with another car on the same track. When he reversed the controller and applied the brake for that purpose, his arm was burned and he was made unconscious by the electric shock, and in the collision which resulted he was otherwise seriously injured.

There was evidence that the company's cars were sent out without inspection and that the defect in the controller would have been disclosed by inspection. The controller was defective when first used on the trip. The reasonable inference is that it was defective when it left the barn. This made out a prima facie case of negligence on the part of the defendant. Whether the plaintiff was, under the circumstances, negligent in continuing to run the car, was not a question that the court could properly decide.

The judgment is affirmed.